UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHANA GRAY, Individually and on behalf of all others similarly situated, | : : : | Civil Action No. 18-cv-7440 |
| Plaintiff, | : : | **COLLECTIVE AND CLASS** |
| v. | : : | **ACTION COMPLAINT AND** **JURY DEMAND** |
| THE CJS SOLUTIONS GROUP, LLC d/b/a THE HCI GROUP, | : : : | |
| Defendant. | : : | |

Plaintiff SHANA GRAY ("Gray" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, files this Class and Collective Action Complaint against Defendant THE CJS SOLUTIONS GROUP, LLC d/b/a THE HCI GROUP ("Defendant" or "HCI") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violations of Articles 6 and 19 of the New York Labor Law and the New York Codes, Rules, and Regulations Subpart 142-2.2, *et seq.* (hereinafter the "New York Labor Law"), the Indiana Wage Payment Statute, §§ 22-2-4-4, *et seq.*, 22-2-5, *et seq.* (hereinafter the "IWPS"), the Minnesota Fair Labor Standards Act, § 177.01, *et seq.* (hereinafter the "MFLSA"), and the Missouri Minimum Wage Law, § 290.500, *et seq.* (hereinafter the "MMWL"). The following allegations are based upon personal knowledge as to the Plaintiff's own conduct and as for all other matters, upon information and belief, as well as investigation made by counsel.

## NATURE OF PLAINTIFF'S CLAIMS

1.      Plaintiff alleges that she and other similarly situated, salary-paid At-The-Elbow Support Consultants ("ATEs") were not paid proper overtime compensation for all hours worked in excess of forty (40) in any given workweek.

2.      Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b), and seeks to recover overtime compensation and statutory penalties, for herself and all other similarly situated individuals, for all time worked in excess of 40 hours in any workweek during the applicable statute of limitations period.

3.      Plaintiff brings her New York, Indiana, Minnesota, and Missouri state law claims pursuant to the class action provision of Fed. R. Civ. P. 23 and seeks to recover unpaid wages and related penalties and damages for herself and other similarly situated ATEs to remedy Defendant's practice and policy of willfully failing and refusing to properly pay Plaintiff and other similarly situated ATEs all of their earned and accrued wages on their regular pay dates.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suits under the FLSA "may be maintained against any employer […] in any Federal or State court of competent jurisdiction." The Plaintiff has signed an opt-in consent form to join this lawsuit. *See* Exhibit A.

5.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

6.      This Court has personal jurisdiction because Defendant conducts business in this judicial district.

7.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), since a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

9.     Plaintiff Gray is a resident of Covington, Georgia and worked for Defendant as an ATE from January 2018 to June 2018, providing assistance to HCI's clients in using healthcare-related software. Specifically, Plaintiff Gray worked for HCI at Mt. Sinai Hospital in New York, NY from January 2018 to March 2018, the Mayo Clinic in Rochester, MN from March 2018 to April 2018, Deaconess Hospital in Evansville, IN in May 2018, and BJC Hospital in St. Louis, MO in June 2018. At all relevant times, Plaintiff Gray has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.    Defendant HCI is a Florida limited liability company that recruits, hires, and manages workers to assist and train healthcare staff with the implementation and administration of healthcare related software at HCI's client organizations throughout New York, including this District, and nationwide.

## PLAINTIFF'S COMMON FACTUAL ALLEGATIONS

11.    Plaintiff and other similarly situated ATEs are individuals who have worked for HCI as ATEs or any other similarly situated, salary-paid position during the statutory period. Amongst other things, Plaintiff and other similarly situated ATEs all shared similar job duties, training, job descriptions, and compensation plans.

12.     HCI provides information technology educational services for the healthcare industry throughout the United States, including New York.

13.     Plaintiff Gray worked as an ATE for HCI during the statutory period and was assigned to work at Mt. Sinai Hospital in New York, NY from January 2018 to March 2018, the Mayo Clinic in Rochester, MN from March 2018 to April 2018, Deaconess Hospital in Evansville, IN in May 2018, and BJC Hospital in St. Louis, MO in June 2018.

14.     Plaintiff's and other similarly situated ATEs' primary duty was to provide assistance to healthcare provider staff in using healthcare-related software. Plaintiff and other similarly situated ATEs provided "hands-off" interaction with the healthcare provider entity's employees to help them use such software. Plaintiff and other similarly situated ATEs had little discretion in the performance of their job and worked within closely-prescribed limits provided by HCI. More complex issues, such as technical issues with the software, were escalated to the next level of employees.

15.     Plaintiff and other similarly situated ATEs were paid solely on a salary basis.

16.     HCI unlawfully classified Plaintiff and other similarly situated ATEs as "exempt" from the overtime requirements of the FLSA.

17.     Throughout the statutory period, Plaintiff's and other similarly situated ATEs' primary duty was not related to the management of the business operations of Defendant or its customers.

18.     Throughout the statutory period, Plaintiff's and other similarly situated ATEs' primary duty did not require the use of discretion and independent judgment with respect to matters of significance.

19.     Throughout the statutory period, Plaintiff's and other similarly situated ATEs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning.

20.     Throughout the statutory period, Plaintiff and other similarly situated ATEs did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

21.     Throughout the statutory period, Plaintiff and other similarly situated ATEs were not employed as computer systems analysts, computer programmers, software engineers, or similarly skilled computer employees.

22.     Plaintiff and other similarly situated ATEs did not perform job duties that would otherwise permit HCI to lawfully classify them as exempt under the FLSA.

23.     Despite the fact that Plaintiff and other similarly situated ATEs did not meet any test for exemption, Defendant failed to pay them the requisite overtime rate of 1½ times their regular rate for hours worked over 40 per week.

24.     HCI encouraged, required and/or permitted Plaintiff and other similarly situated ATEs to work more than 40 hours per week. Specifically, HCI regularly required Plaintiff and other similarly situated ATEs to work 12-hour shifts, 6 or 7 days per week. For example, during the workweek of March 12, 2018 to March 18, 2018, Plaintiff Gray worked approximately 84 hours but did not receive overtime compensation at 1½ times their regular rate for hours worked beyond 40 in that workweek.

25.     HCI dictated, controlled, and ratified the wage and hour and all related employee compensation policies. Specifically, HCI paid Plaintiff and other similarly situated ATEs a salary

for regular time worked. HCI did not pay Plaintiff or other ATEs the requisite overtime premium for time worked in excess of 40 hours in any given workweek.

26.     Upon information and belief, Defendant did not inquire into whether its compensation practices with respect to Plaintiff and ATEs complied with the law. Defendant did not take affirmative steps to ensure that its compensation practices with respect to Plaintiff and ATEs complied with the law.

27.     Plaintiff and other similarly situated ATEs were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and other similarly situated ATEs in accordance with the requirements of the FLSA, Plaintiff and other similarly situated ATEs suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff brings Count I of this lawsuit pursuant to § 216(b) of the FLSA as a collective action on behalf of herself and the following class of potential opt-in litigants (the "FLSA Collective"):

> All individuals who currently work, or have worked, for Defendant as an ATE or any other similarly situated, salary-paid position during the applicable statute of limitations of period.

29.     Plaintiff reserves the right to re-define the FLSA Collective prior to notice or collective certification, and thereafter, as necessary.

30.     Plaintiff and other members of the FLSA Collective are similarly situated inasmuch as, *inter alia*, Defendant required them to work in excess of 40 hours in any given workweek without paying them proper overtime compensation.

31.     Defendant knew or should have known that Plaintiff and other similarly situated ATEs worked in excess of 40 hours in any given workweek. Nonetheless, Defendant has operated under a scheme to deprive Plaintiff and the other members of the FLSA Collective of overtime compensation by failing to properly compensate them for all overtime worked.

## STATE SPECIFIC CLASS ALLEGATIONS

32.     Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of herself and all other similarly situated ATEs who worked for Defendant in New York, Indiana, Minnesota, or Missouri, at any time within each respective state law's applicable statute of limitations period.[1]

33.     Plaintiff and other similarly situated ATEs all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

## Class Definition

34.     Plaintiff seeks certification of state specific classes consisting of the following individuals in New York, Indiana, Minnesota, and Missouri (each, a "State Class"):

> All individuals who currently work, or have worked, for Defendant as an ATE or any other similarly-titled, salary-paid position in [State], during [State]'s applicable statute of limitations period.[2]

---

[1]     The Statute of Limitations period for each applicable state law is as follows: in New York, the statute of limitations for wage claims is six years. New York Labor Law § 198(3); in Indiana, the statute of limitations for wage claims is ten years where the action is predicated on a written employment agreement. Ind. Code § 34-1-2-2(6); in Minnesota, the statute of limitations for wage claims is two years, but if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years. M.S.A. § 541.07(5); in Missouri, the statute of limitations for wage claims is two years. MMWL § 290.527.

[2]     Plaintiff reserves the right to propose a different class definition or include sub-classes, if appropriate, after discovery.

**Numerosity**

35.     More than 40 ATEs were employed by Defendant who were subject to the same practices challenged in this action as alleged above and not paid overtime compensation for all time worked in excess of 40 in given workweeks.  Accordingly, Plaintiff satisfies the numerosity requirements as each State Class is so numerous that joinder of all members is impracticable.

36.     Members of each proposed State Class can be identified and located using Defendant's payroll and personnel records. State Class members may be informed of the pendency of this action by direct mail, electronic mail, text message, and/or published and broadcast notice.

**Common Questions of Fact or Law**

37.     There are questions of fact and law common to each State Class member which predominate over questions affecting only individual members, if any. Plaintiff, the members of each State Class, and Defendant have a commonality of interest in the subject matter and the remedy sought.

38.     If individual actions were required to be brought by each member of each State Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the State Classes, and to the Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which each State Class is entitled.

**Typicality**

39.     Plaintiff's claims are typical of the claims of each State Class's members.  As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of each State Class she seeks to represent.

**Adequacy**

40.     Plaintiff is an adequate representative of each State Class she seeks to represent because she is a member of each State Class, and her interests do not conflict with the interests of the members of each State Class she seeks to represent. The interests of each State Class member will be fairly and adequately protected by Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

**Superiority**

41.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

42.     Moreover, as the damages suffered by each State Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each State Class member to bring individual claims.

43.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of State Class members to protect their interests.

**COUNT I**
**THE FAIR LABOR STANDARDS ACT SECTION 207**
<u>**DEFENDANT'S FAILURE TO PAY EARNED OVERTIME**</u>

44. Plaintiff reasserts and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

45. Count I arises from Defendant's violation of the FLSA, for its failure to pay overtime wages earned by Plaintiff and other similarly situated ATEs.

46. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

49. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

50.     Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and other similarly situated ATEs to work overtime hours per week without paying them overtime wages for these hours.

51.     Throughout the relevant period, Plaintiff and other similarly situated ATEs worked in excess of 40 hours per week but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

52.     Plaintiff and other ATEs are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

53.     The foregoing actions of Defendant violated the FLSA.

54.     The conduct alleged above reduced HCI's labor and payroll costs at the expense of Plaintiff and ATEs who should have received overtime payment for overtime hours worked.

55.     Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA. Defendant has not acted in good faith with respect to the conduct alleged herein.

56.     Plaintiff and other similarly situated ATEs were subject to HCI's uniform policies and practices and were victims of HCI's schemes to deprive them of overtime compensation.  As a result of HCI's improper and willful failure to pay Plaintiff and other similarly situated ATEs in accordance with the requirements of the FLSA, Plaintiff and other similarly situated ATEs suffered lost wages and other damages.

57.     Plaintiff and other similarly situated ATEs have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

58.     Defendant is liable to the Plaintiff and other similarly situated ATEs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

59.     Plaintiff and other similarly situated ATEs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate collective-wide injunctive relief.

**COUNT II**
**NEW YORK LABOR ARTICLE 6 AND 19**
**FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW**

60.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

61.     Plaintiff and other similarly situated ATEs that worked in New York during the applicable statute of limitations period (the "New York Class") meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

62.     At all relevant times, Plaintiff Gray was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

63.     Under New York law, an employee must be paid overtime, equal to 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

64.     By engaging in the above-alleged conduct, Defendant has failed to pay members of the New York Class proper overtime compensation as required by the New York Labor Law.

65.     Gray and other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor

Law, has been applied to all members of the New York Class, and has deprived them of earned overtime compensation.

66.     The conduct alleged above reduced HCI's labor and payroll costs at the expense of Plaintiff and ATEs who should have received overtime payment for overtime hours worked.

67.     Defendant has acted willfully and has either known that its conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether its conduct violated the New York Labor Law. Defendant has not acted in good faith with respect to the conduct alleged herein.

68.     As a result of Defendant's violations of the New York Labor Law, Gray and other members of the New York Class have suffered harm and are entitled to recoup their unpaid wages and other losses in an amount to be determined at trial, along with liquidated damages, interest and reasonable attorneys' fees and costs.

## COUNT III
## NEW YORK LABOR LAW SECTION 195
## DEFENDANT'S FAILURE TO PROVIDE COMPLETE WRITTEN STATEMENTS
## <u>CONCURRENT WITH THE PAYMENT OF WAGES</u>

69.     Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

70.     Plaintiff and other members of the New York Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

71.     Pursuant to New York Labor Law art. VI, § 195(1), as of April 9, 2011, all employers are required to provide employees with a written statement at the time of hiring and each year on or before February 1st, notice which lists, *inter alia*, the rate or rates of pay and basis thereof.

72. Pursuant to New York Labor Law art. VI, § 195(3), as of April 9, 2011, all employers are required to provide employees with a written statement with the payment of wages which lists, *inter alia*, the number of regular and overtime hours worked and overtime rate of pay.

73. Defendant willfully and systematically failed to provide Plaintiff and other members of the New York Class with the required notices or written statements pursuant to New York Labor Law art. VI, § 195(1) and (3).

74. Accordingly, Plaintiff and other members of the New York Class are entitled to recover from Defendant's damages pursuant to New York Labor Law art. VI, § 198.

75. Plaintiff and other members of the New York Class also seek injunctive relief precluding Defendant from continued violations of these laws and affirmatively mandating its compliance with the provisions of the New York Labor Law.

## COUNT IV
## NEW YORK COMMON LAW
## UNJUST ENRICHMENT AND/OR QUANTUM MERUIT

76. Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

77. Plaintiff and other members of the New York Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

78. At all times material to this Complaint, Defendant, by its policies and actions, benefited from, and increased its profits by failing to pay Plaintiff and other members of the New York Class all wages due for work performed, including but not limited to minimum wages and overtime for hours worked in excess of forty (40) hours in a workweek.

79.     Defendant has accepted and received the benefits of the work performed by Plaintiff and other members of the New York Class at the expense of Plaintiff and other members of the Class.

80.     It is inequitable and unjust for Defendant to reap the benefits of Plaintiff's and other members of the New York Class's labor, which includes unpaid overtime hours and the pay due for spread of hours.

81.     Plaintiff and other members of the New York Class are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendant, plus interest on these amounts.

**COUNT V**
**INDIANA WAGE PAYMENT STATUTE SECTION 22-2-2-4**
**DEFENDANT'S FAILURE TO PAY OVERTIME UNDER INDIANA LAW**

82.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

83.     Plaintiff and other similarly situated ATEs that worked in Indiana during the applicable statute of limitations period (the "Indiana Class") meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

84.     At all relevant times, Plaintiff Gray was employed by Defendant within the meaning of IWPS §§ 22-2-2-3.

85.     Under Indiana law, an employee must be paid overtime compensation equal to 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 per week. IWPS § 22-2-2-5(k).

86.     Additionally, under Indiana law, an employer must compensate their employees for all amounts due. Employers that fail to make payments of wages for all amounts due, such as withheld overtime compensation, shall be liable to the employee for the amount of unpaid wages, and if employer does not act in good faith, the court shall order liquidated damages equal to two (2) times the amount of wages due to the employee. IWPS § 22-2-5-2.

87.     By engaging in the above-alleged conduct, Defendant has failed to pay Plaintiff and other members of the Indiana Class proper overtime compensation as required by the IWPS.

88.     Gray and other members of the Indiana Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the IWPS, has been applied to all members of the Indiana Class, and has deprived them of earned overtime compensation.

89.     Defendant has acted willfully and has either known that its conduct violated the IWPS or has shown a reckless disregard for the matter of whether its conduct violated the IWPS. Defendant has not acted in good faith with respect to the conduct alleged herein.

90.     As a result of Defendant's violations of the IWPS, Gray and other members of the Indiana Class have suffered harm and are entitled to recoup their unpaid wages and other losses in an amount to be determined at trial, along with liquidated damages, interest and reasonable attorneys' fees and costs.

## COUNT VI
## INDIANA COMMON LAW
## UNJUST ENRICHMENT AND/OR QUANTUM MERUIT

91.     Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

92.     Plaintiff and other members of the Indiana Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

93.     At all times material to this Complaint, Defendant, by its policies and actions, benefited from, and increased its profits by failing to pay Plaintiff and other members of the Indiana Class all wages due for work performed, including but not limited to overtime compensation for hours worked in excess of forty (40) hours in a workweek.

94.      Defendant has accepted and received the benefits of the work performed by Plaintiff and other members of the Indiana Class at the expense of Plaintiff and other members of the Indiana Class.

95.     It is inequitable and unjust for Defendant to reap the benefits of Plaintiff's and other members of the Indiana Class's labor, which includes unpaid overtime hours.

96.     Plaintiff and other members of the Indiana Class are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendant, plus interest on these amounts.

**COUNT VII**
**MINNESOTA FAIR LABOR STANDARDS ACT SECTION 177.25**
**DEFENDANT'S FAILURE TO PAY OVERTIME UNDER MINNESOTA LAW**

97.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

98.     Plaintiff and other similarly situated ATEs that worked in Minnesota during the applicable statute of limitations period (the "Minnesota Class") meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

99.    At all relevant times, Plaintiff Gray was employed by Defendant within the meaning of the MFLSA §§ 177.23(5)-(7).

100.    Under Minnesota law, an employee must be paid overtime compensation, equal to 1½ times the employee's regular rate of pay, for all hours worked in excess of 48 per week. MFLSA § 177.25(1).

101.    By engaging in the above-alleged conduct, Defendant has failed to pay Plaintiff and other members of the Minnesota Class proper overtime compensation as required by the MFLSA.

102.    Gray and other members of the Minnesota Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the MFLSA, has been applied to all members of the Minnesota Class, and has deprived them of earned overtime compensation.

103.    Defendant has acted willfully and has either known that its conduct violated the MFLSA or has shown a reckless disregard for the matter of whether its conduct violated the MFLSA. Defendant has not acted in good faith with respect to the conduct alleged herein.

104.    As a result of Defendant's violations of the MFLSA, Gray and other members of the Minnesota Class have suffered harm and are entitled to recoup their unpaid wages and other losses in an amount to be determined at trial, along with liquidated damages, interest and reasonable attorneys' fees and costs.

### COUNT VIII
### MINNESOTA COMMON LAW
### UNJUST ENRICHMENT AND/OR QUANTUM MERUIT

105.    Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

106.    Plaintiff and other members of the Minnesota Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

107.    At all times material to this Complaint, Defendant, by its policies and actions, benefited from, and increased its profits by failing to pay Plaintiff and other members of the Minnesota Class all wages due for work performed, including but not limited to overtime compensation for hours worked in excess of 48 hours in a workweek.

108.    Defendant has accepted and received the benefits of the work performed by Plaintiff and other members of the Minnesota Class at the expense of Plaintiff and other members of the Minnesota Class.

109.    It is inequitable and unjust for Defendant to reap the benefits of Plaintiff's and other members of the Minnesota Class's labor, which includes unpaid overtime hours caring for the clients of Defendant and the pay due for spread of hours.

110.    Plaintiff and other members of the Minnesota Class are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendant, plus interest on these amounts.

**COUNT IX**
**MISSOURI MINIMUM WAGE LAW SECTION 290.505**
**DEFENDANT'S FAILURE TO PAY OVERTIME UNDER MISSOURI LAW**

111.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

112.    Plaintiff and other similarly situated ATEs that worked in Missouri during the applicable statute of limitations period (the "Missouri Class") meet the requirements for

certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

113.   At all relevant times, Plaintiff Gray was employed by Defendant within the meaning of MMWL §§ 290.500(3)-(4).

114.   Under Missouri law, an employee must be paid overtime, equal to 1½ the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. MMWL §§ 290.505(1) and 290.505(4).

115.   By engaging in the above-alleged conduct, Defendant has failed to pay Plaintiff and other members of the Missouri Class proper overtime compensation as required by the MMWL.

116.   Gray and other members of the Missouri Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the MMWL, has been applied to all members of the Missouri Class, and has deprived them of earned overtime compensation

117.   Defendant has acted willfully and has either known that its conduct violated the MMWL or has shown a reckless disregard for the matter of whether its conduct violated the MMWL. Defendant has not acted in good faith with respect to the conduct alleged herein.

118.   As a result of Defendant's violations of the MMWL, Gray and other members of the Missouri Class have suffered harm and are entitled to recoup the full amount of their unpaid wages and other losses in an amount to be determined at trial, along with liquidated damages and reasonable attorneys' fees and costs as may be allowed by the Court. MMWL § 290.527.

## COUNT X
## MISSOURI COMMON LAW
## <u>UNJUST ENRICHMENT AND/OR QUANTUM MERUIT</u>

119.    Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

120.    Plaintiff and other members of the Missouri Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

121.    At all times material to this Complaint, Defendant, by its policies and actions, benefited from, and increased its profits by failing to pay Plaintiff and other members of the Missouri Class all wages due for work performed, including but not limited to overtime compensation for hours worked in excess of forty (40) hours in a workweek.

122.    Defendant has accepted and received the benefits of the work performed by Plaintiff and other members of the Class at the expense of Plaintiff and other members of the Missouri Class.

123.    It is inequitable and unjust for Defendant to reap the benefits of Plaintiff's and other members of the Missouri Class's labor, which includes unpaid overtime hours.

124.    Plaintiff and other members of the Missouri Class are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendant, plus interest on these amounts.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, demand judgment against Defendant HCI, and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely

compensate Plaintiff and all others similarly situated for the nature, extent, and duration of their

damages, the costs of this action, and as follows:

A.  award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and the FLSA Collective members' unpaid overtime compensation;

B.  award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and Class members' unpaid wages pursuant to the applicable wage rates under each State's law and calculated in accordance with the employment agreement with Defendant;

C.  declare that Defendant's violations of the FLSA and each State's wage and hour laws were willful;

D.  award Plaintiff and members of the FLSA Collective liquidated damages in accordance with the FLSA;

E.  award Plaintiff and members of each State Class liquidated damages in accordance with each applicable State's statutory provisions;

F.  award prejudgment interest for the FLSA claims (to the extent that liquidated damages are not awarded);

G.  award prejudgment interest for all state-law statutory wage claims (even if liquidated damages are awarded);

H.  certify this action as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and certify each State Class set forth above;

I.  award all legal and equitable relief available under New York law;

J.  award all legal and equitable relief available under Indiana law;

K.  award all legal and equitable relief available under Minnesota law;

L.  award all legal and equitable relief available under Missouri law;

M.  grant Plaintiff leave to assert claims for punitive damages as required under each applicable state law;

N.  award punitive damages to Plaintiff and each State Class to the extent permitted by the respective State's law;

O.  declare and find that Defendant willfully violated all applicable record keeping statutes;

P.  issue all appropriate injunctive relief to prevent Defendant from violating the applicable and respective state-law statutory obligations, with ongoing oversight and continuing jurisdiction of the Court as needed, including requiring Defendant to pay for an audit of its record-keeping system;

Q.  award Plaintiff reasonable attorneys' fees and all costs of the collective action, to be paid by Defendant, in accordance with the FLSA;

R.  award Plaintiff reasonable attorneys' fees and all costs of each State Class action, to be paid by Defendant, in accordance with each applicable State's law;

S.  award pre and post-judgment interest and court costs as further allowed by law;

T.  award a reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other ATEs, and the risks she has undertaken;

U.  grant Plaintiff and each State Class leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

V.  provide additional general and equitable relief to which Plaintiff and each State Class may be entitled; and,

W.  provide further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: August 16, 2018

Respectfully submitted,

_____
Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
830 Third Avenue, 5th Floor
New York, NY 10022
Tel: (800) 616-4000
Fax: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
**SHAVITZ LAW GROUP, P.A.**

951 Yamato Rd., Suite 285
Boca Raton, FL 33431
Tel: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com

Ryan F. Stephan*
Catherine T. Mitchell*
**STEPHAN ZOURAS, LLP**
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
Tel: (312) 233-1550
Fax: (312) 233-1560
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

*to apply for admission *pro hac vice*