IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANA GRAY, : | |
| individually and on behalf of : | |
| all persons similarly situated, : | |
| : | Civil Action No.: 18-7440 (KPF) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| THE CJS SOLUTIONS GROUP, LLC : | |
| d/b/a THE HCI GROUP, : | |
| : | |
| Defendant. : | |

### DECLARATION OF RYAN F. STEPHAN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

I, Ryan F. Stephan, declare under penalty of perjury as follows:

1. I am a member of good standing of the Illinois State Bar and am a founder and principal of Stephan Zouras, LLP, one of the law firms retained by Named Plaintiff in the above-captioned collective action. We serve as Plaintiff's Counsel in this matter, along with Shavitz Law Group, P.A. (SLG).

2. I have been one of the lawyers primarily responsible for the prosecution of Plaintiff's claims on behalf of the collective in this case.

3. I submit this declaration in support of Plaintiff's Unopposed Motion for Approval of Settlement. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

4. The terms of the Parties' settlement are contained in the Settlement Agreement and Release, attached hereto as Exhibit 1.

5. I am admitted to the Trial Bar of the United States District Court for the Northern District of Illinois and have been admitted or admitted *pro hac vice* to the Southern and Eastern Districts

1

of New York, the Superior Court for the State of California, the Eastern and Western Districts of Missouri, the District of Maryland, the Eastern District of Michigan, the Southern District of Ohio, the Northern and Southern Districts of Florida, the Eastern District of Wisconsin, the Southern District of Indiana, the District of Massachusetts, the District of New Jersey, the District of Colorado, the District of Minnesota, the Eastern and Middle Districts of Pennsylvania, the Eastern and Western Districts of North Carolina, the Middle District of Tennessee, the Western District of Washington, the District of Arizona, the Northern District of Texas, and the Southern and Northern Districts of Iowa. I have also argued before various federal and state appellate courts as lead appellate counsel on at least fourteen occasions. I am also a member of the bar of the Supreme Court of the United States.

6. Since approximately 2002, my practice has been highly concentrated in representing employees in cases arising under federal and state laws, including the Fair Labor Standards Act ("FLSA"), and comparable state wage and hour laws. The majority of these cases proceeded as class actions under Rule 23 of the Federal Rules of Civil Procedure, as collective actions under §216(b) of the FLSA and/or class action claims under state laws. In addition to the instant matter, I have been appointed lead or co-lead counsel on a large number of FLSA collective actions in the Northern District of Illinois, and throughout the United States.

7. Stephan Zouras, LLP has extensive experience representing workers as lead counsel in numerous complex class and collective actions. I, along with my partner James B. Zouras, founded Stephan Zouras, LLP in 2007. Stephan Zouras, LLP has prosecuted and is actively prosecuting dozens of other individual, class and collective actions in federal and state courts, as well as in arbitration, throughout the United States. *See* Exhibit 2, Stephan Zouras, LLP Firm Resume.

8. Plaintiff's Counsel conducted a thorough investigation of the case, focusing on the

underlying merits of the potential class and collective action members' claims, the damages to which they were entitled, and the propriety of class and collective action certification. Plaintiff's Counsel obtained and reviewed documents from Plaintiff, including compensation agreements, pay records, and conducted in-depth interviews of Named Plaintiff.

9.  On August 16, 2018, Plaintiff filed her Collective Action Complaint alleging that Defendant violated the FLSA, and other state wage and hour laws, by improperly classifying her and other at-the-elbow support consultants ("ATEs") as exempt employees and failing to pay them proper overtime wages at time-and-one-half.

10. On November 5, 2018, the Court granted the Parties' request for a 90-day stay of the proceedings pending private mediation. (ECF No. 19). On November 14, 2018, and in light of the Parties' agreement to pursue private mediation, the Parties agreed to toll the claims of the Named Plaintiff and the putative collective.

11.  Prior to mediation, the Parties engaged in the exchange of substantial data and information, which included Defendant's production of electronic timekeeping and payroll data for Plaintiff and all putative class and collective members. Plaintiff's Counsel was able to conduct an analysis of the data produced by Defendant to determine overtime hours worked by the Settlement Collective Members, and paid at a straight-time rate during the relevant time period.

12. Using the data provided by Defendant prior to mediation, Plaintiff's Counsel were able to calculate the maximum, unliquidated half-time overtime compensation amounts owed to putative collective members during the relative time period as totaling approximately $328,485.00.

13. On January 10, 2019, the Parties participated in a full-day, in-person mediation session conducted by an experienced private mediator, Stephen Sonnenberg, Esq. The Parties were able to reach a settlement agreement in principle of this lawsuit, the final terms of which were

memorialized in the Settlement Agreement and fully executed on April 1, 2019.

14. The Gross Settlement Amount of $255,000.00 provides for substantial monetary recovery for 197 Settlement Collective Members, inclusive of the Named Plaintiff, representing almost 78% of the unliquidated damages identified by Plaintiff's Counsel as being owed to Plaintiff and Settlement Collective Members for unpaid half-time overtime wages. Each Settlement Collective Members' individual settlement award is based on the actual overtime hours s/he worked, so that individuals who worked more overtime during the relevant time period will receive a larger award compared to those who worked fewer hours.

15. The Parties have agreed to retain Atticus Administration to serve as the Settlement Administrator.

16. Plaintiff requests that the Court approve the Parties' proposed Notice of Collective Action Settlement, attached hereto as Exhibit 3.

17. Plaintiff requests that the Court approve an award of one-third of the Gross Settlement Amount, or $84,915.00 as attorneys' fees, plus reimbursement of $5,800.00 in reasonable out-of-pocket costs and expenses incurred in litigating and resolving this matter.

18. The Settlement here easily meets the standard for approval. It is the product of well-informed judgments about the adequacy of the resolution. The settlement was also the product of arm's-length, non-collusive negotiations. Plaintiff's Counsel are intimately familiar with the strengths and weaknesses of the claims and defenses of this case, as well as the factual and legal issues, sufficient to make an informed recommendation about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the Settlement reached. The stage of litigation has advanced to a state that Plaintiff's Counsel could fairly and fully evaluate the value of the Settlement. In my professional opinion, the Settlement is

fair and reasonable in light of the risk, costs, and delay of further litigation.

19. The Settlement Award payments are being made available at an early stage of the litigation, taking into account the fact that a *bona fide* dispute exists as to whether Plaintiff and the Settlement Collective Members were properly classified as exempt employees and whether they would be able to recover overtime compensation.

20. Though it is expected that the majority of Collective Members will participate in the settlement, it is likely that less than 100% of Settlement Collective Members will cash a Settlement Award and Check Opt-In Form, and therefore will not be bound by the settlement and will not release any claims.

21. While Plaintiff was certain she would prevail on class and conditional certification and the merits of her claims, Defendant was also prepared to vigorously defend this case, namely by asserting numerous defenses to liability and disputing that Plaintiff's claims are appropriate for FLSA conditional and/or Rule 23 class certification. Defendant would have certainly argued that Plaintiff and the Collective Members were properly classified as exempt from the overtime requirements of the FLSA and applicable state wage and hour laws, in turn arguing that Plaintiff and the Collective Members are not owed any overtime compensation. Moreover, Defendant would have argued some of the Collective Members' claims have been previously released, and that Collective Members have been overpaid, entitling Defendant to a set-off.

22. Plaintiff, on behalf of herself and the collective, is willing to resolve her claims for less than she might receive at trial, because it affords a guaranteed payment and will avoid the uncertainty of a class and conditional certification motion, a summary judgment motion, decertification, the possibility of counterclaims, and/or trial.

23. Plaintiff believes that the settlement achieved is an excellent result for her and the collective

members that provides immediate compensation without years of protracted litigation and delay, when taking into account the Parties' respective positions.

24. Plaintiff's Counsel's efforts have been without compensation, and their entitlement to payment has been wholly contingent upon the result achieved.

25. Plaintiff's Counsel entered into a retainer with Plaintiff, allowing Plaintiff's Counsel to apply for a reasonable percentage of the recovery as a contingency fee payment, plus actual out of pocket expenses.

26. I am familiar with the practices of class action employment lawyers in the Northern District of Illinois, who routinely contract to receive one-third or more of any potential class settlement as compensation for taking on the risk of funding a potential multi-year litigation without any assurance of recovery.

27. I am familiar with the market for legal services for attorneys in the federal district court for the Northern District of Illinois with reasonably comparable skill, experience, and reputation. The rates used for purposes of Stephan Zouras LLP's lodestar cross-check are consistent with these rates. Plaintiff's Counsel's most recent billing rates for purposes of the lodestar cross-check are as follows: $675 per hour for Ryan Stephan; $325 per hour for Catherine Mitchell; and $175 per hour for legal assistants. These hourly rates are consistent with and have been accepted and approved in other contingent litigation and are comparable to rates charged by Class Counsel in similar cases in Illinois and New York.

28. They are also consistent with the court-awarded hourly rates of $675 for the legal services of myself and my partner, James B. Zouras, which were most recently approved by the Northern District of Illinois in the matter of *Bhattacharya et al. v. Capgemini North America, Inc., et al.*, Case No. 1:16-cv-07950 (Honorable Judge Matthew F. Kennelly, November 13, 2018).

29.     I am familiar with the market for legal services of associate attorneys in Chicago, Illinois with three years of experience. The rate used for the lodestar cross-check for Catherine Mitchell is consistent with these rates. Catherine Mitchell is a partner employed by Stephan Zouras, LLP since 2015. She graduated from The John Marshall Law School in May of 2015.

30.     I am familiar with the market for legal services of legal assistants in Chicago, Illinois with reasonably comparable skill and experience as those employed by my firm. The rate used for the lodestar cross-check is consistent with these rates.

31.     The total number of hours expended on this litigation by Stephan Zouras, LLP is over 158, and the total lodestar for cross-check purposes is $66,312.5. Combined with the $8,050.00 from SLG, the total lodestar is $74,362.5. Therefore, the fee amount of $84,915.00 represents only approximately 1.1 times the lodestar amount.

32.     I, along with my firm's legal staff, made a concerted effort to perform all work in a thorough and efficient manner.

33.     It is my professional opinion that all work performed in the prosecution of this action, and the number of hours spent for legal services, is fair and reasonable considering the nature of the services performed and the results achieved.

34.     Plaintiff's Counsel's lodestar figures are based upon each firm's respective current billing rates, which do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in Plaintiff's Counsel's billing rates.

35.     Stephan Zouras, LLP has incurred $5,737.57 in outstanding expenses in connection with the prosecution of this litigation, in addition to the $400.00 incurred by SLG. Plaintiff's Counsel seek an award of $5,8000.00 in reimbursable expenses.

36.     The expenses incurred in this action are reflected on Plaintiff's Counsel's books and

records. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. The expenses incurred are expenses normally charged to clients and were reasonable and necessary to prosecute the case. They are normal costs charged to clients and not part of Plaintiff's Counsel's overhead.

37. It is my professional opinion that the expenses incurred were reasonable and necessary in the successful prosecution of this action.

38. Named Plaintiff, Shana Gray, sacrificed her time to prosecute this lawsuit on behalf of her fellow current and former ATEs. She met, conferred, and corresponded with Plaintiff's Counsel on a very regular basis, staying abreast of current pleadings and settlement-related discovery, as well as participating in the mediation efforts that led to the resolution of her case.

39. For the Court's convenience, a Proposed Approval Order is attached hereto as Exhibit 4.

40. I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct

Dated: April 1, 2019					Respectfully Submitted,

					*/s/ Ryan F. Stephan*

					Ryan F. Stephan
					STEPHAN ZOURAS, LLP
					100 N. Riverside Plaza, Suite 2150
					Chicago, Illinois 60606
					(312) 233-1550
					(312) 233-1560 *f*
					rstephan@stephanzouras.com

					*One of the Attorneys for Plaintiff and the Settlement Collective Members*